**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL, AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC and UNITED STEELWORKERS LOCAL 12003, <br><br>    Plaintiffs, <br><br> v. <br><br> NATIONAL GRID and BENEFITS COMMITTEE OF NATIONAL GRID USA SERVICE COMPANY, as Plan Administrator for the Boston Gas Union Employees' Pension Plan, <br><br>    Defendants. | Civil Action No. _____ |

## COMPLAINT

### I.   INTRODUCTION

1. This claim is brought under Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a) against Defendant National Grid to compel the arbitration of grievances alleging the violation of a collective bargaining agreement. Additional and independent grounds for compelling arbitration of these grievances exist under the Federal Arbitration Act, 9 U.S.C. § 4.

2. This claim is further brought under the Federal Arbitration Act, 9 U.S.C. § 4, against Defendant National Grid and/or Defendant Benefits Committee of National Grid USA Service Company, as Plan Administrator of the Boston Gas Union Employees' Pension Plan, to

1

compel the arbitration of a dispute arising under the mandatory arbitration provisions of the Pension Plan.

## II.   JURISDICTION

3.   This Court has jurisdiction over this matter pursuant to Section 301 of Labor-Management Relations Act, 29 U.S.C. § 185, and 28 U.S.C. § 1331, and/or pursuant to the Federal Arbitration Act, 9 U.S.C. § 4.

## III.   VENUE AND PARTIES

4.   Plaintiffs United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC, and United Steelworkers Local 12003 (collectively "USW" or "Union") are labor organizations within the meaning of 29 U.S.C. § 152(5).

5.   Defendant National Grid ("National Grid" or "Company") is an employer involved in interstate commerce within the meaning of 29 U.S.C. § 152, with its United States headquarters located in Waltham, Massachusetts.

6.   Defendant Benefits Committee of National Grid USA Service Company ("Plan Administrator"), a duly constituted committee of National Grid, is the Plan Administrator of the Boston Gas Union Employees' Pension Plan with a principal address of One Metrotech Center, Brooklyn, NY 11201.

7.   Venue is properly laid in this Court pursuant to 28 U.S.C. § 1391(b) as the Union represents employees and maintains offices, and as the Company does business and maintains offices, within the geographic jurisdiction of this Court, and as the Plan Administrator

administers a plan affecting employees working at or retired from employment served within the jurisdiction of this Court.

## IV.     STATEMENT OF FACTS

**A.     The Contractual Grievances under the Collective Bargaining Agreement.**

8.     The Union is the exclusive bargaining agent for employees of the Company, excluding executives, secretaries to executives and superintendents, confidential clerks, salespersons, professional employees and supervisors as defined in the Labor Management Relations Act of 1947.

9.     A collective bargaining agreement with effective dates from January 20, 2019, through June 16, 2024, ("CBA") governs the terms and conditions of employment for bargaining unit employees.  A true and correct copy of the CBA is attached hereto as Exhibit A.

10.     The CBA contains a grievance procedure set forth in Article XII. When the grievance procedure is pursued and a grievance is not resolved, the Union may appeal the grievance to a Board of Arbitration, whose decision is final and binding on the Parties. [Exhibit A at 22-24.]

11.     Article VIII of the CBA states, in pertinent part,

> Keyspan Retirement Plan, Addendum M, Boston Gas Company Union Employees Pension Plan will provide a monthly benefit to eligible employees who retire on or after February 1, 2019 $81.00 per month per year of service.

[Exhibit A at 14.]

12.     The Benefits Committee of National Grid USA Service Company is the Plan Administrator of the Boston Gas Company Union Employees' Pension Plan (hereinafter

"Pension Plan" or "Plan"). A true and correct copy of the Plan Document is attached hereto as Exhibit B.

13. The Pension Plan did not provide all monthly benefits to eligible bargaining unit members Harry Barnard and Andrew Colleran as required by the CBA and the Plan's governing documents.

14. On January 3, 2020, the Union filed grievances alleging that the Company violated Article VIII, Section 5 of the CBA when it failed to provide all monthly benefits to Barnard and Colleran. True and correct copies of the grievances are attached hereto as Exhibits C and D.

15. On February 4, 2020, having failed to secure resolution of the grievances, USW Sub-District Director Stephen Finnigan appealed both grievances to arbitration. True and correct copies of the Union's February 4, 2020, demands for arbitration are attached hereto as Exhibit E and F.

16. On February 10, 2020, the Company, through its counsel, Patrick Collins, responded to the Union's arbitration demands, stating as to each grievance: "Pursuant to the terms of the parties' collective bargaining agreement, the grievance is not arbitrable." True and correct copies of the Company's February 10, 2020, refusals to arbitrate the grievances are attached hereto as Exhibit G and H.

17. The Company has wholly failed and refused to engage in the arbitration process, despite the Union's demand, in contravention of the arbitration provision of the CBA.

18. The Company's refusal to arbitrate the grievances violates the CBA.

**B.**     **The Joint Pension Committee Grievances Under the Pension Plan Document.**

19.     Article 12 of the Pension Plan Document creates a "Joint Pension Committee," which is composed of an equal number of members appointed by the Union and members appointed by the Plan Administrator. [Exhibit B at M-27 to M-28.]

20.     Per Section 12.02(a) of the Pension Plan Document, the Joint Pension Committee is empowered:

> [t]o make determinations as to the rights of any Employees applying for or receiving Retirement Allowances[.]

[Exhibit B at M-27.]

21.     Section 12.025 of the Pension Plan Document further provides for the submission of disputes to arbitration, stating in pertinent part:

> In the event that the members of a Joint Pension Committee cannot settle any dispute, with the exception of determining whether an Employee is disabled, the whole matter will be referred to arbitration. The fees for such arbitration will be paid jointly by the parties involved.

[Exhibit B at M-28.]

22.     The Union submitted Barnard and Colleran's dispute to the Joint Pension Committee.

23.     The Joint Pension Committee met on June 9, 2020, to make determinations as to the rights of Barnard and Colleran under the Plan.

24.     The Joint Pension Committee's vote as to both Barnard and Colleran was a tie, resulting in the Joint Pension Committee being unable to settle the disputes.

25.     On June 15, 2020, the Union invoked the arbitration procedure contained in Article 12 of the Plan and proposed a list of arbitrators to hear the matter. A true and correct copy of the Union's June 15, 2020, arbitration demand is attached hereto as Exhibit I.

26. The Company and the Plan Administrator refused to participate in the selection of an arbitrator, claiming by letter dated July 14, 2020, that the dispute was not arbitrable. A true and correct copy of the Company's July 14, 2020, refusal to arbitrate is attached hereto as Exhibit J.

27. The Company and the Plan Administrator have wholly failed and refused to engage in the arbitration process, despite demand, in contravention of the arbitration provision of Section 12.025 of the Plan Document.

28. The Company's and/or Plan Administrator's refusal to arbitrate violates the Plan Document.

### COUNT I – CLAIM AGAINST DEFENDANT NATIONAL GRID
### (29 U.S.C. § 185(a) and/or 9 U.S.C. § 4)

29. Plaintiffs repeat all of the foregoing allegations as if fully set forth herein.

30. National Grid's actions in failing or refusing to arbitrate the grievances arising under the Parties' collective bargaining agreement are in derogation of national labor policy as enunciated in Section 301 of the LMRA, 29 U.S.C. § 185(a), and the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq*.

31. Accordingly, this Court must compel the Company to submit the contractual grievances to arbitration pursuant to Article XII of the Parties' collective bargaining agreement, Section 301 of the LMRA, 29 U.S.C. § 185(a), and the Federal Arbitration Act, 9 U.S.C. § 4.

### COUNT II – CLAIM AGAINST ALL DEFENDANTS
### (9 U.S.C. § 4)

32. Plaintiffs repeat all of the foregoing allegations as if fully set forth herein.

33. National Grid's and/or the Plan Administrator's actions in failing or refusing to arbitrate the dispute before the Joint Pension Committee under the procedures set forth in the Pension Plan Document are in derogation of the liberal federal policy favoring arbitration agreements as embodied by the Federal Arbitration Act.

34. Accordingly, this Court must compel the Company to arbitrate the dispute before the Joint Pension Committee pursuant to Section 12.025 of the Pension Plan Document and the Federal Arbitration Act, 9 U.S.C. § 4.

WHEREFORE, Plaintiffs pray that the Court enter an Order compelling arbitration of the above-referenced dispute; and that Plaintiffs be awarded their costs, attorneys' fees, and such other further relief to which the Court deems they are justly entitled.

Respectfully submitted,

UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL, AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC and UNITED STEELWORKERS, LOCAL 12003,

By their attorneys,

/s/ Alfred Gordon O'Connell
Alfred Gordon O'Connell, #630456
PYLE ROME EHRENBERG PC
2 Liberty Square, 10th Floor
Boston, MA 02109
(617) 367-7200
agordon@pylerome.com

Dated:  August 7, 2020