# EXHIBIT J

**Ogletree Deakins**

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**

*Attorneys at Law*

599 Lexington Ave, Fl 17
New York, New York 10022
Telephone: 212-492-2500
Facsimile: 212-492-2501
www.ogletree.com

Patrick M. Collins
212-492-2504
Patrick.Collins@ogletree.com

July 14, 2020

<u>**VIA EMAIL**</u>

Stephen J. Finnigan
Sub-District Director
United Steelworkers, District 4
100 Medway Road, Suite 403
Milford, MA 01757

sfinnigan@usw.org

    Re:    National Grid
                (A. Colleran and H. Barnard pension benefits)

Dear Mr. Finnigan:

    We write in response to your letter dated June 15, 2020 to Maria Marotta, Director, NE Employee & Labor Relations for National Grid (the Company), which was sent on behalf of United Steelworkers Local 12003 (the USW) and/or an entity described as the "USW Pension Committee."

    In your letter, you propose to arbitrate a question as to whether retirees Andrew Colleran and Harry Barnard "were properly paid their pension benefits" under the Boston Gas Company Union Employees' Pension Plan (the "Pension Plan"). Their disputes concern a rule established by the Plan Administrator that an individual must contact the Pension Connect Center at least 45 days in advance of his planned retirement date. Such disputes, however, are not arbitrable.

    Your letter cites section 12.025 of the Pension Plan, which provides for arbitration of unsettled matters in dispute among members of the Joint Pension Committee (JPC). The JPC is formed under Section 12.02 of the Pension Plan, in addition to the Plan Administrator, "to determine **questions of eligibility** under the Plan." There is no "question of eligibility" concerning Mr. Colleran or Mr. Barnard. Each has been determined eligible for and is receiving benefits under the Pension Plan. Because there is no question of eligibility, there is dispute that would be arbitrable under section 12.025.

    As stated in my letters to you dated February 10, 2020, there is an avenue available for Messrs. Colleran and Barnard to pursue their claims regarding the effective dates of their respective Annuity Starting Dates. The Plan Administrator has established a Claims Review Procedure to enable a Participant to make a claim for benefits that have been otherwise refused. The Claims Review

Atlanta ▪ Austin ▪ Berlin (Germany) ▪ Birmingham ▪ Boston ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Denver ▪ Detroit Metro ▪ Greenville ▪ Houston
Indianapolis ▪ Jackson ▪ Kansas City ▪ Las Vegas ▪ London (England) ▪ Los Angeles ▪ Memphis ▪ Mexico City (Mexico) ▪ Miami ▪ Milwaukee ▪ Minneapolis ▪ Montréal (Canada) ▪ Morristown
Nashville ▪ New Orleans ▪ New York City ▪ Oklahoma City ▪ Orange County ▪ Paris (France) ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Portland, ME ▪ Portland, OR ▪ Raleigh ▪ Richmond
St. Louis ▪ St. Thomas ▪ Sacramento ▪ San Antonio ▪ San Diego ▪ San Francisco ▪ Seattle ▪ Stamford ▪ Tampa ▪ Toronto (Canada) ▪ Torrance ▪ Tucson ▪ Washington

Stephen J. Finnigan
Re: National Grid (A. Colleran & H. Barnard)
July 14, 2020
Page 2

Procedure is set forth in the Summary Plan Description (SPD).  The Claims Review Procedure is the exclusive means by which a Participant must make a claim for benefits under the Pension Plan, subject to his right to bring a civil action under Section 502(a) of ERISA. Mr. Colleran and/or Mr. Barnard each may seek review of his claim under the Claims Review Procedure.

      This letter is sent without prejudice to or any limitation upon any of the Company's rights in regard to this matter.

      Very truly yours,

      s/ *Patrick M. Collins*

      Patrick M. Collins

PMC:npa

43337706.1